UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BARRY LAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CV-18-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| DARRELL ALTRICHTER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court addresses two pending motions—the Defendant HNI Risk Services and Defendant Darrell Altrichter dismissal motion (DE #5)[1] and the Defendant State Farm Mutual Automobile Insurance summary judgment motion (DE #14)—as well as Plaintiff Barry Lay's failure to prosecute this case (or effect service on the remaining Defendant, U.S. Freightways Logistics). Despite opportunity and explicit warning of the potential consequences, Plaintiff declined to respond to the pending motions and has not participated in this case since its removal. The Court thus finds dismissal proper on several overlapping bases.

### A. Relevant Background

This suit arises out of an August 22, 2017 vehicle collision. DE #1-1 at 2–4 (Complaint), ¶ 6. Lay alleges that Altrichter and U.S. Freightways operated a tractor trailer that negligently rear-ended Lay's vehicle, causing injury, in Whitley County, Kentucky on I-75. *Id.* at 3, ¶¶ 6–8. Per the

---

[1] Defendant Altrichter, proceeding *pro se* in this case, submitted a letter seeking dismissal for the reasons "as explained in HNI's motion to dismiss." DE #16. The Court construes DE #16 as, functionally, a request to join HNI's motion, grants it under the circumstances, and deems the dismissal request applicable to both HNI and Altrichter. Further, as discussed later in this Order, the Court converts the motion to one for summary judgment.

resulting police report, Altrichter first rear-ended Lay, then switched lanes and collided with a third vehicle. DE #14-2 at 8–12. The report provides that Lay suffered substantial vehicle damage (while Altrichter's vehicle and the third vehicle suffered only minor damage), but that all involved parties declined emergency medical attention and reported no injuries. *Id.* at 9. Ultimately, though, Lay claims to have received medical treatment, incurred expenses, and sought coverage from his uninsured/underinsured motorist benefits carrier, State Farm. *See* DE #1-1 at 5–12 (State Farm's Answer); DE #14-2 at 26 (log of medical payments from State Farm to Lay). Per the payment log, State Farm's final basic reparation benefits payment to Lay as a result of this incident occurred on December 8, 2017. DE #14-2 at 26.[2]

Plaintiff filed this negligence action in the Whitley Circuit Court on December 30, 2019. DE #1-1 at 2. He alleged "severe and permanent mental and physical injuries" and sought damages for pain and suffering, increased likelihood of future complications, lost earnings and reduction of earning capacity, and medical expenses, as well as punitive damages. *Id.* at 3. Notably absent from the Complaint are allegations clearly tying the various Defendant players to the August 22, 2017 accident; though it casts Lay and Altrichter as the drivers (with Altrichter's vehicle ostensibly owned by U.S. Freightways), the sole allegations concerning HNI and State Farm relate to their residency. Per its Answer, State Farm noted its role as Lay's insurer. HNI, in its dismissal motion, asserts that it merely served as an insurance broker, facilitating an insurance transaction between U.S. Freightways and another insurer in November 2016. DE #5-1 at 4.[3]

---

[2] Lay had only Basic Reparation Benefits coverage (but not Added Reparation Benefits coverage) at the time of the accident. *See* DE #14-2 at 4 n.2; DE #14-2 at 14–39 (Lay's policy information).
[3] Such attenuated connection to the Complaint's events is the basis of HNI's personal jurisdiction argument. Because the statute of limitations arguments (and the overarching failure to prosecute in this case) are plainly dispositive, the Court need not reach the personal jurisdiction issue.

HNI removed the case in late January 2020. DE #1 (Notice of Removal). It soon moved to dismiss for various reasons, and Altrichter (*pro se*) joined in the request (at least, to the extent HNI sought dismissal on statute of limitations grounds). DE ##5, 16. State Farm subsequently sought summary judgment, likewise based on the statute of limitations. DE #14. In April 2020, the Court ordered HNI to amend its Notice of Removal to clarify certain jurisdictional matters. DE #19. At the same time, the Court observed the pending motions—absent any responses from Plaintiff— and noted Lay's lack of participation in this case since removal; it explicitly warned Lay:

> The Court deems the lack of responses to signal that Lay does not contest the requests for relief. Additionally, the Court flags a clear failure to prosecute, which would have implications as to all Defendants. The Court will address all motions, and the apparent failure to prosecute, on May 8, 2020. Should Plaintiff have or intend any filing for consideration, that filing must occur before that date. If there is none, the Court will take appropriate actions, likely to include granting the requested relief and/or dismissing this case for failure to prosecute.

DE #19 at 2. HNI has since amended its removal notice as directed. DE #20. Lay, on the other hand, has filed nothing. Nor has he proved service on U.S. Freightways.[4] Given the properly supported motions pending, Plaintiff's unresponsiveness and decision not to prosecute the case provide dual grounds for dismissal of the case.[5]

---

[4] Such lack of service provides an independent dismissal ground as to U.S. Freightways. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The Court notified Lay, via DE #19, of its failure to serve U.S. Freightways. However, though Rule 4(m)'s service mandate provides additional reason to dismiss that Defendant, the Court instead bases the instant dismissal—one *with* prejudice—on Rule 41, as discussed *infra*.

[5] The Court also notes Plaintiff's attorney's persistent failure to register as an ECF Filing User. *See* DE #17. All Orders thus have been provided to Lay's counsel by mail (as with *pro se* Altrichter, who has nonetheless participated in the case). The docket text reflects such paper service on Plaintiff's counsel.

**B.  Conversion of HNI's Motion to Dismiss**

As it relates to HNI's statute of limitations argument, HNI submitted supplemental proof—namely, State Farm's payment log. DE #9-1. Such documentation is critical to assessment of the limitations question. It is, however, neither referenced in nor attached or central to the Complaint; as such, it is not properly considered at the dismissal stage. *See, e.g., Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) ("Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. This occurs when a document is referred to in the complaint and is central to the plaintiff's claim[.]") (quotation marks and citation omitted). The Court thus has the option presented in Rule 12(d): "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Each party (that has been served and has appeared) has had ample opportunity to present evidence pertinent to HNI's statute of limitations theory and address the supplemental payment log documentation HNI provided. Indeed, State Farm's summary judgment motion makes precisely the same argument and includes precisely the same payment log documentation (among other things). Plaintiff thus had full ability (and was in fact *directed*) to respond to HNI's and State Farm's motions and proof. Lay nevertheless ignored the deadlines to respond to both HNI's motion and to State Farm's and, moreover, ignored the Court's warning that a continued failure to respond by May 8, 2020, would result in an award of the relief sought (as well as a failure to prosecute finding). Under these circumstances, it is clear that Lay had a reasonable opportunity to present argument or other material pertinent to HNI's motion. The Court thus accepts HNI's supplemental

4

proof and treats the DE #5 motion as one for summary judgment, mirroring, for relevant purposes, State Farm's DE #14 motion. The Court considers the parallel motions collectively under Rule 56.

### C. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Courts may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986). "The relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson*, 106 S. Ct. at 2512).

The burden of establishing the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (requiring the moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate an absence of a genuine issue of material fact"); *Lindsay*, 578 F.3d at 414 ("The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute."). If the moving party meets its burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Celotex Corp.*, 106. S. Ct. at 2253; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999). However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 106 S. Ct. at 2552; *see also id.* at 2557 (Brennan, J., dissenting) ("If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." (emphasis in original)).

### D. Pending Summary Judgment Motions

Lay's sole claim is for negligence under Kentucky law (particularly, Kentucky's Motor Vehicle Reparations Act, KRS §304.39-010, *et seq.*).[6] The Act's limitations provision states, in relevant part, as follows:

> If no basic or added reparation benefits have been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two (2) years after the injured person suffers the loss and either knows, or in the exercise of reasonable diligence should know, that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier. If basic or added reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two (2) years after the last payment of benefits.

KRS § 304.39-230(1). The second sentence governs the instant scenario. Movants have come forward with proof[7] that State Farm's last reparation benefits payment to Lay occurred on December 8, 2017 (*see* DE #14-2 at 26), and Lay has not contested that factual representation.[8]

---

[6] The Court applies the substantive law of Kentucky, the forum state, in this diversity action. *See, e.g.*, *Rupert v. Daggett*, 695 F.3d 417, 423 (6th Cir. 2012).

[7] Nothing suggests doubt about the foundation for the tendered proof.

[8] Though lack of response to a summary judgment motion is not grounds, alone, for granting it, where the movant has discharged his initial burden of producing evidence that demonstrates

6

Accordingly, per operation of the governing statute, Lay was required to "commence[]" this action "not later than two (2) years" from that date, or by December 8, 2019.[9] Plaintiff's December 30, 2019 Complaint filing in the Whitley Circuit thus fell outside of the limitations period.

In the case of a limitations defense, the Court must, at the summary judgment stage, "determine whether (1) the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued." *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). Though the Court must view the evidence in the light most favorable to Plaintiff, as non-movant, this record is uncontested with respect to the payment date proof. The proffered payment log unequivocally demonstrates a final payment date of December 8, 2017, and the record equally clearly confirms Complaint filing on December 30, 2019. Defendants have established the lack of any genuine issue of material fact as to the final payment date and running of the limitations period, and Plaintiff has not pointed to any dispute basis in the record. Nor is any conceivable fact dispute apparent. Accordingly, summary judgment is proper on the limitations basis Defendants assert, and the Court grants both motions.

---

absence of any material factual dispute—as HNI and State Farm have done here—the nonmovant is obligated to show specific facts that create a factual issue for trial. *See Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) ("We have made it clear on many occasions that a district court abuses its discretion when it grants summary judgment solely because the non-moving party has failed to respond to the motion within the applicable time limit . . . The Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law . . . When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden.") (citations omitted). Lay, facing properly supported summary judgment requests, has not met his responsive burden. Further, the Court expressly told Lay (*see* DE #19) that it deemed his failure to respond as signaling no contest of the defense requests. Still silence.

[9] In Kentucky, "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Ky. Civ. R. 3.01. The Complaint was not stamped as filed until December 30, 2019. DE #1-1 at 2.

### E.  Failure to Prosecute

Rule 41 permits involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Such a dismissal is typically with prejudice. *Id.* And, "[a]lthough Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 82 S. Ct. 1386, 1388–89 (1962)). The Rule 41(b) dismissal option "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). District courts have "substantial discretion" in discerning whether dismissal is appropriate. *Id.* Relevant factors in the decision include: (1) whether the party's failure to act is due to willfulness, bad faith, or fault; (2) whether the party's conduct prejudiced the opposing party; (3) whether the party facing dismissal was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered prior to dismissal. *See Oleoproteinas Del Sureste, S.A. v. French Oil Mill Machinery Company*, 202 F.R.D. 541, 545 (S.D. Ohio 2000) (citing *Stough v. Mayville Community School*, 138 F.3d 612, 615 (6th Cir. 1998)).

The first, third, and fourth prongs decidedly favor dismissal.[10] Plaintiff has demonstrated a clear lack of desire to engage with this case, which the Court decried by prior order. The docket

---

[10] Though Defendants have been prejudiced, to a degree, by the case inactivity and slowed pace (as a result of Plaintiff's conduct), discovery has remained stayed during pendency of the dispositive motions, and Defendants have not been forced to "waste[] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Rogers*, 302 F. App'x at 378. In its nascent phase procedurally, this case has not yet required Plaintiff's appearance at

reflects no action from Plaintiff since the case's removal more than four months ago.[11] Moreover, this failure to participate is in direct contravention of court orders directing Lay to respond to various matters. *See* DE #8 (ordering Plaintiff to respond to HNI's motion to stay discovery); DE #19 (ordering Lay to respond to the pending dismissal and summary judgment motions, as well as on the topic of perceived failure to prosecute). This "clear record of delay or contumacious conduct by the plaintiff" warrants dismissal under the circumstances. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980); *accord Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004).

Nor is there any indication that Plaintiff has been attempting to participate in this case or to comply with prior orders; the record depicts, rather, a party that has abandoned his case. *See, e.g.*, *Beekman v. Wilkie*, No. 18-CV-12878, 2019 WL 611500, at *2 (E.D. Mich. Jan. 8, 2019), *report and recommendation adopted*, No. 18-CV-12878, 2019 WL 586089 (E.D. Mich. Feb. 13, 2019) ("This is not a situation where Plaintiff is struggling to comply, asking for deadline extensions, or otherwise showing any interest in his own case. Instead, Plaintiff has simply abandoned his case and has done nothing to appear or to respond despite having been twice ordered to do so since the case was removed to this Court."); *Weaver v. Estes*, No. 4:04 CV P144 M, 2005 WL 2388284, at *2 (W.D. Ky. Sept. 26, 2005) (basing "its dismissal on Plaintiff's failure to pursue his case in any way since January, despite motions from Defendants seeking to dismiss his case").

---

any hearing or the parties' cooperation in substantive matters. *Cf. id.* (finding the prejudice prong satisfied where defense "counsel was present and fully prepared to proceed at each court-ordered status conference" and the plaintiff's "continued failure to appear wasted" the court and parties' time). The Court notes, though, that the prejudice against Defendants would surely mount as the case remained indefinitely inactive going forward.

[11] It further appears, from the state court record at DE #1-1 and state docket history summary at DE #10-2, that Plaintiff has done nothing in this case beyond filing the Complaint in December 2019.

Plaintiff has not merely failed to comply with procedural rules or to timely file responses—he has done absolutely nothing, late or otherwise. *Cf. Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (finding "delayed filings and violations of local rules" insufficient to "demonstrate a clear record of contumacious conduct warranting dismissal with prejudice"). Lay's total desertion of the case, since its very inception, is both willful and culpable, satisfying the first prong. *See id.* (distinguishing "between mere dilatory conduct involving a failure to file a specified document" and persisting failure to participate or appear in a case).

Further, the Court explicitly warned Plaintiff that failure to respond to the pending motions—or to file *anything* in the record by May 8—would result in dismissal for failure to prosecute. That deadline has long since expired, without communication from Plaintiff. Lay ignored not only his obligations to respond to the dismissal and summary judgment motions, but also the Court's explicit directive cautioning him of a failure to prosecute result. The third prong is thus satisfied. And, under these circumstances, lesser sanctions would have no effect. Plaintiff has refused to communicate with the Court, and further attempts to prompt Lay's engagement would be futile and a waste of resources. *See, e.g.*, *Rouse v. Caruso*, No. 2:06-CV-10961, 2014 WL 7877155, at *3 (E.D. Mich. Aug. 5, 2014), *report and recommendation adopted*, No. 06-CV-10961, 2015 WL 632025 (E.D. Mich. Feb. 13, 2015) (quoting *Lopez v. Smurfit–Stone Container Enters., Inc.*, 289 F.R.D. 103, 105 (W.D.N.Y. 2013)) (concluding that the plaintiffs' communication failures "rendered it pointless for the Court to make further attempts to give [them] notice of the possible consequences of [their] continued failure to prosecute") (alteration in original). Indeed, "allowing 'this case to languish on the docket in the hope that [Plaintiff] will reappear in the future' would be both prejudicial to [Defendants] and a waste of this Court's resources." *Id.* at *3 (quoting *Robinson v. Januszewski*, No. 11-CV-00747 SJF GRB, 2012 WL

1247225, at *3 (E.D.N.Y. Apr. 12, 2012)); *see also Beard v. HSBC Mortg. Servs., Inc.*, No. 1:15-CV-1232, 2017 WL 1900555, at *3 (W.D. Mich. Apr. 18, 2017), *report and recommendation approved*, No. 1:15-CV-1232, 2017 WL 1881468 (W.D. Mich. May 9, 2017) ("If a plaintiff files a lawsuit and abandons it, the appropriate sanction is dismissal.").

Given Plaintiff's clear failure to prosecute, and upon balancing of the relevant considerations, the Court finds dismissal the proper result under Rule 41(b). Further, consistent with that Rule—and, moreover, given the overlapping time-bar dismissal, on the merits—the dismissal is appropriately with prejudice.

## F. Conclusion

For all of the reasons discussed, the Court **ORDERS** as follows:

1. The Court construes Altrichter's DE #16 as a request to join HNI's DE #5 dismissal motion and **GRANTS** the request;

2. The Court converts DE #5 into a Rule 56 motion for summary judgment and **GRANTS** it, dismissing all claims against Altrichter and HNI, with prejudice, as time-barred;

3. The Court **GRANTS** DE #14, dismissing all claims against State Farm, with prejudice, as time-barred; and

4. As an overlapping and independent dismissal basis, the Court **DISMISSES** this entire action, with prejudice, for failure to prosecute under Rule 41(b). This dismissal applies equally to unserved Defendant U.S. Freightways and disposes of the entire action.

A corresponding Judgment follows.

This the 1st day of June, 2020.



**Signed By:**

*__Robert E. Wier__*

**United States District Judge**

11